IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GREGORY COOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:18CV496 |
| | ) | |
| KATTY POOLE, | ) | |
| | ) | |
| Respondent. | ) | |

## **RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) Respondent has filed a motion for summary judgment (Docket Entry 6), a brief (Docket Entry 7), and an answer (Docket Entry 5). Petitioner, in turn, filed a response.[1] (Docket Entry 9.) This matter is now ready for a ruling.

## **Background**

In early May of 2014, in the Superior Court of Moore County, Petitioner pled guilty to possession of a firearm by a felon, and was sentenced to 17-30 months of imprisonment, in case number 12 CRS 51932. (Docket Entry 7, Ex. 2 at pdf pages 11-14, 18-19.) Petitioner was also tried for first-degree murder, which resulted in a mistrial on May 9, 2014. (*Id.* at 20.) Petitioner was convicted after trial by jury of second-degree murder on January 9, 2015 and

---

[1] After reviewing the Court's docket entries and receipts of those entries in this matter, the Court notes that due to an oversight on its part, Respondent did not receive notice of the existence of this case, or of any deadline in this case, until the entry of the Court's Order (Docket Entry 4) on August 28, 2018 ordering Respondent to file an answer.

was sentenced to 189-239 months of imprisonment in case number 12 CRS 51933. (*Id.* at 79, 83-84.) Petitioner appealed and the North Carolina Court of Appeals remanded for a new sentencing hearing. *State v. Cooper*, 245 N.C. App. 567 (2016) (concluding that "it was improper for the trial court to use the possession of a firearm by a felony conviction entered 9 May 2014 in calculating his prior record level for sentencing on the second-degree murder conviction because the prior charge had been joined for trial with the murder and attempted murder charges"). Petitioner was resentenced to 164-209 months of imprisonment and judgment was entered on March 7, 2016. (Docket Entry 7, Ex. 6.) On July 24, 2017, Petitioner filed a motion for appropriate relief ("MAR") in the Superior Court of Moore County. (Docket Entry 2 at pdf pages 16-19.) On August 30, 2017, Petitioner filed a motion for summary judgment regarding the MAR in that same court. (Docket Entry 7, Ex. 7.) On August 2, 2018, the MAR and motion for summary judgment were denied. (*Id.*, Ex. 8.) On March 14, 2018, Petitioner filed a petition for a writ of certiorari in the North Carolina Court of Appeals (*id.*, Ex. 9), which was denied on March 16, 2018 (*id.*, Ex. 10). On March 28, 2018, Petitioner filed a MAR in the North Carolina Court of Appeals (*id.*, Ex. 11), which was dismissed on April 3, 2018 (*id.*, Ex. 12). On April 12, 2018, in that same court, Petitioner filed an "Objection to Clerk's Court Orders Clear Statement of Fact," which was denied on April 13, 2018. (*Id.*, Ex. 13.) Petitioner executed the instant federal habeas petition on June 4, 2018 and filed it with the Court on June 11, 2018. (Docket Entry 2.)

### Petitioner's Claims

Petitioner contends: (1) his Sixth Amendment rights were violated because he was stopped from confronting his accusers with other testimony; (2) his Fifth Amendment rights

were violated because he was compelled not to testify by his lawyer threatening to withdraw if he testified; and (3) if his prior record level had been correct he would have taken a plea for 5-7 years. (*See id.* § 12, Grounds 1-2.)

## Discussion

### I. The Petition is time-barred.

Respondent requests dismissal claiming the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 7 at 5-12.) In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). Petitioner has not invoked subparagraphs (B) through (D) of § 2244(d)(1) and the record does not reveal any meaningful basis for addressing them.

Under Subparagraph (A), Petitioner's one-year limitation period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Assuming Petitioner had a right to appeal his resentencing on March 7, 2016, his case became final in late March of 2016, fourteen days after the entry of the March 7, 2016 judgment. *See* 28 U.S.C. 2244(d)(1)(A) (providing that a conviction is final "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); N.C.R. App. P. 4(a)(2) ("Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by . . . filing notice of appeal with the clerk of superior court . . . within fourteen days after entry of the judgment . . . ."). Therefore, Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) commenced no later than late March of 2016 and expired no later than late March of 2017. Petitioner did not execute his federal habeas petition until June 4, 2018 and did not file it until June 11, 2018. (Docket Entry 2.) It is therefore more than one year late. Consequently, Petitioner's grounds for relief are all time-barred.

It is true that the instant action would have been subject to statutory tolling if Petitioner had a properly filed post-conviction petition pending in state court during the one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999)

(state collateral filings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)"). However, statutory tolling does not apply here because Petitioner did not file his MAR until July 24, 2017, after his one year deadline expired in March of 2017, and none of Petitioner's state post-conviction efforts were pending during the limitations period. State filings made after the federal limitations period has passed do not restart or revive the filing period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Petitioner's claims are all time-barred.

Petitioner's arguments to the contrary are not persuasive. Petitioner asserts that, "[t]imeliness is due to file of subsequent petitions. This is also a challenge of subject matter jurisdiction of the Moore Co. Ct. of Conviction." (Docket Entry 2, § 18.) As an initial matter, these contentions are vague, conclusory, and unsupported and fail for this reason alone. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("[A] habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to [even] an evidentiary hearing."), *abrogated on other grounds recognized by*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir.1999). Moreover, none of these reasons render the Petition timely. First, as explained, Petitioner's state court efforts at post-conviction relief did not occur until after the expiration of his one-year deadline and they are insufficient to revive it. *See Minter*, 230 F.3d at 665. Second, there is no exception under the deadline for a claim, much less an unsupported claim, that the state court lacked jurisdiction. *See Keever v.*

*Perry*, No. 3:16CV66-FDW, 2016 WL 7192138, at *3 (W.D.N.C. Dec. 12, 2016) (unpublished) (collecting cases).

Finally, equitable tolling may also apply to extend the federal habeas deadline when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner does not request equitable tolling, nor does the record reveal any reason why it would be proper here. For all these reasons, the instant Petition is time-barred and should be dismissed.

## CONCLUSION

Petitioner's grounds are time-barred. Neither a hearing, nor discovery, nor the appointment of counsel are warranted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (Docket Entry 6) be **GRANTED**, that the Petition (Docket Entry 2) be **DISMISSED**, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
United States Magistrate Judge

February 21, 2019
Durham, North Carolina